# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DNA MOTOR, INC., A CALIFORNIA CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>E-MOTOR INDUSTRIES INTERNATIONAL SHANGHAI CO., LTD, ALSO KNOWN AS E-MOTOR USA, INC. AND/OR EMUSA AUTOMOTIVE,<br><br>  Defendant. | Case No.: 2:219-CV-207<br><br>COMPLAINT FOR:<br><br>1. PATENT INFRINGEMENT OF THE '741 S PATENT (35 U.S.C. § 271(a))<br><br>2. WILLFUL INFRINGEMENT OF THE '741 S PATENT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR WILLFUL PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff DNA MOTOR, INC., by and through the undersigned counsel, presents the following allegations and facts in support of this Complaint and demands a jury trial on all causes of action stated herein against the named Defendant as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent, arising under the laws of the United States relating to patents, including, without limitation, 35 U.S.C. § 101, *et seq.*, 35 U.S.C. §271 and § 281. Plaintiff seeks monetary damages and exemplary damages including its costs and attorney fees for Defendant's willful infringement of United States Design Patent No. D763,741 S.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338 (a) and pursuant to the patent laws of the United States of America, 35 U.S.C. §101, *et seq*.

3. Venue properly lies within the Northern District of Indiana pursuant to 28 U.S.C. §§ 1391(b) and (c); and 28 U.S.C. § 1400(a). Venue properly lies within the Northern District of Indiana because Defendant is headquartered and has its principal place of business in the Hammond Division of this District. In addition, on information and belief, Defendant conducts substantial business directly and through third parties or agents in this judicial district by selling and offering to sell the infringing products and by conducting other business in this judicial district. Furthermore, Plaintiff has been harmed by the Defendant conducting business transactions and sales in this District, and by online sales including but not limited to its sales under the "speedyracer" assumed business name and through Defendant's website www.speedyracer.com.

4. This Court has personal jurisdiction over Defendant because Defendant is headquartered and has its principal place of business in the Hammond Division of this District. Defendant also transacts continuous and systematic business within the State of Indiana and the Northern District of Indiana. In addition, this lawsuit arises out of Defendant's infringing activities, including, without limitation the making, using, selling and/or offering to sell infringing products in the State of Indiana and the Northern District of Indiana.

5. Upon information and belief, certain of the products manufactured by or for Defendant have been and/or are currently sold and/or offered for sale to consumers including, but not

limited to, consumers located within the State of Indiana and online at, among other places, Amazon, eBay, NewEgg.com, Walmart.com, and www.speedyracer.com.

## PARTIES

6. Plaintiff DNA Motor, Inc. is a California corporation, with an office and principal place of business located at 801 Sentous Avenue, City of Industry, California 91748.

7. Defendant E-Motor Industries International Shanghai Co., Ltd., also known as E-Motor USA, Inc. and EMUSA Automotive, is a foreign for-profit corporation, which is headquartered and has its principal place of business at 202 W. Ridge Road, Griffith, Indiana 46319. Defendant is registered to do business in Indiana through the Indiana Secretary of State, and Defendant's resident agent is its president, Xiaoyong Chen, who maintains an address in Munster, Indiana, which is within this judicial District.

## THE ACCUSED PRODUCTS

8. Defendant's accused products, for purposes of the asserted patent, include Defendant's Front Lower Control Arms incorporating the patented designs found in United States Design Patent No. D763,741 S (the Patented Design).

9. Plaintiff believes and thereupon alleges that Defendant is aware that its customers and end-users are using the accused products in an infringing manner based on comments and discussions posted on its website and other public websites where Defendant's authorized agents, customers and end-users discuss and disclose the use of the accused products.

10. Furthermore, on January 25, 2019, Plaintiff, via U.S. Mail and Email, notified Defendant as to Plaintiff's ownership right of the '741 S Patent, notified Defendant that the manufacture and sales infringed the '741 S Patent, and demanded that Defendant cease and

desist all infringing activities. A true and accurate copy of the January 25, 2019 letter is attached as Exhibit A.

## THE ASSERTED PATENT

11. On February 10, 2015, the United States Patent and Trademark office duly and legally issued United States Design Patent No. D763,741 S, entitled "Set of Vehicle Control Arms" (the '741 S Patent"). The patent's named inventor is Jacky Chen, and Plaintiff DNA Motor, Inc is the assignee and owner of the entire right, title and interest in and to the '741 S Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '741 S Patent is attached hereto as Exhibit B.

## COUNT ONE
## INFRINGEMENT OF THE '741 S PATENT BY DEFENDANT

12. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 11 above.

13. The '741 S Patent, a Design Patent, has one single claim directed to the ornamental design for a set of vehicle control arms as shown below:

> CLAIMS
>
> WHAT IS CLAIMED IS:
>
> > The ornamental design for a set of VEHICLE CONTROL ARMS, as shown and described.

14. Defendant has knowledge of its infringement of the '741 S Patent since at least its receipt of the January 25, 2019 letter found at Exhibit A.

4

15. Defendant copied the ornamental design for a set of vehicle control arms. A side by side comparison of the '741 S patented design and exemplary specimens of Defendant's advertisements for ornamental control arms is shown below:





(same picture as above)



16. As shown in the pictures, the ornamental design for a set of vehicle control arms advertised and offered for sale by Defendant is the same or substantially the same as the ornamental design for a set of vehicle control arms of the '741 S Patent. The ornamental design of the vehicle control arms, and each of them, are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's

products believing them to be substantially the same as the ornamental design for a set of control arms protected by the '741 S Patent.

17. Plaintiff has not granted a license or any other authorization to the Defendant named herein to make, use, offer for sale, sell or import ornamental vehicle control arms that embody the ornamental design for control arm design patented in the '741 Patent and which is proprietary to Plaintiff.

18. Plaintiff alleges upon information and belief that, without authority, Defendant has infringed and continues to infringe the '741 S Patent by, *inter alia*, making, using, offering to sell or selling in the United States, including the State of Indiana and within this District, products infringing the ornamental design covered by the '741 S Patent in violation of 35 U.S.C. § 271 including but not limited to the ornamental designs herein identified.

19. Defendant's ornamental design vehicle control arms infringe the '741 S Patent because, *inter alia*, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of the vehicle control arms of the '741 S Patent and the ornamental design of the control arms of the products of Defendant are substantially the same, with the resemblance being such as to deceive such an ordinary observer, inducing them to purchase one supposing it to be the other.

20. Defendant's acts of infringement of the '741 S Patent were undertaken without authority, permission or license from Plaintiff. Defendant's infringing activities described herein violate 35 U.S.C. § 271.

21. Plaintiff is informed and believes the Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that the accused products are designed to and do practice the infringing features of the '741 S Patent. On information and

belief, these products are designed to implement the infringing features of the '741 S Patent. Defendant offers the accused products for sale at its offices in this District, through its website www.speedyracer.com, and through other websites such www.Ebay.com.

22. Defendant has confirmed its receipt of the January 25, 2019, and that it has no intention of stopping its offers of sale and sales of the accused products. Thus, the infringement of the asserted claims of the '741 S Patent is ongoing and will continue unless and until Defendant is enjoined from further infringement by the Court.

## COUNT TWO
## WILLFUL INFRINGEMENT OF THE ASSERTED PATENT

23. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 22 above.

24. Defendant has manufactured, marketed, offered to sell, and sold products that infringe Plaintiff's '741 S Patent.

25. Defendant's infringement of the '741 S Patent has been willful.

26. Defendant has had actual knowledge of the '741 S Patent and its infringement of the '741 S Patent since at least its receipt of the January 25, 2019 letter in January of 2019.

27. Plaintiff's January 25, 2019 letter to Defendant, with the '741 S Patent attached (Exhibit A), and Defendant's continued marketing and sales evidence not only Defendant's pre-suit knowledge of the '741 S Patent, but that Defendant's infringement of that patent has been, and continues to be willful and deliberate, warranting treble damages and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. The determination that Defendant has infringed the '741 S Patent;

2. That Defendant and its officers, agents, servant, employees and attorneys, and those persons in active concert or participation with it, be permanently enjoined from infringement of the Patent-in-Suit, including but not limited to any making, using, offering for sale, selling or importing or exporting of unlicensed infringing products within and without the United States;

3. Compensation for all damages caused by Defendant's infringement of the Patent-in-Suit, to be determined at trial;

4. Finding Defendant's infringement of the '741 S Patent has been willful and therefore enhancing Plaintiff's damages up to three times the damages found or assessed by the jury pursuant to 35 U.S.C. § 284;

5. A finding that this case is exceptional and granting an award of reasonable attorney fees pursuant to 35 U.S.C. § 285;

6. Granting Plaintiff's pre- and post-judgment interest on its damages, together with all costs and expenses;

7. Ordering Defendant to deliver up and destroy all infringing products; and

8. Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, by counsel, respectfully requests that this cause of action be set for trial by jury on all claims so triable.

Respectfully submitted,

/s/ *Patrick J. Olmstead, Jr.*

Patrick J. Olmstead, Jr., Attorney No. 25369-49
Patrick Olmstead Law LLC
P.O. Box 1067
Greenwood, IN  46142
Telephone:  (317) 884-8524
polmstead@patrickolmsteadlaw.com

Elizabeth Yang (CA SBN: 249713)*
Law & Mediation Offices of Elizabeth Yang
199 W. Garvey Ave., Suite 201
Monterey Park, CA 91754
Telephone: (877) 492-6452
Elizabeth@yanglawoffices.com

Attorneys for Plaintiff
DNA MOTOR, INC.

*Attorney Yang will be applying for pro hac vice admission to this Court.

11